**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 22-2217**

—————————

In re:  GRAHAM HARRY SCHIFF,

       Petitioner.

—————————

On Petition for Writ of Mandamus.  (1:21-cv-02448-DLB)

—————————

Submitted:  January 17, 2023                             Decided:  January 19, 2023

—————————

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

—————————

Petition denied by unpublished per curiam opinion.

—————————

Graham Harry Schiff, Petitioner Pro Se.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Graham Henry Schiff petitions for a writ of mandamus seeking the reopening of a prior appeal and a writ of prohibition preventing the state court from adjudicating his pending probation violation, and he alternatively requests that his petition be construed as an original petition for a writ of habeas corpus under 28 U.S.C. § 2241. We conclude that Schiff is not entitled to relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (cleaned up). "Similarly a writ of prohibition is a drastic and extraordinary remedy which should be granted only when the petitioner has shown his right to the writ to be clear and undisputable and that the actions of the court were a clear abuse of discretion." *In re Vargas*, 723 F.2d 1461, 1468 (10th Cir. 1983). We conclude that Schiff is not entitled to relief because he has failed to show a clear right to relief with respect to his challenge to a pending criminal proceeding.

Further, we ordinarily decline to entertain original habeas corpus petitions under 28 U.S.C. § 2241, and this case presents no reason to depart from this practice. Because Schiff appears to be awaiting the resolution of his probation violation and has not exhausted remedies available to him in state courts, we conclude that the interests of justice would not be served by transferring this case to the district court. *See* 28 U.S.C. §§ 1631, 2241(b); Fed. R. App. P. 22(a).

2

Accordingly, we deny the petition for writs of mandamus and prohibition and deny

Schiff's motions to expedite and for stay pending appeal.  We dispense with oral argument

because the facts and legal contentions are adequately presented in the materials before this

court and argument would not aid the decisional process.

*PETITION DENIED*